1   SHOOK HARDY & BACON, LLP
    Edward Gaus (SBN 289561)
2   One Montgomery, Suite 2600
    San Francisco, California 94104
3   Telephone:  415.544.1900
    Facsimile:  415.391.0281
4   egaus@shb.com

5   Bryan Pratt (*Admitted Pro Hac Vice*)
    2555 Grand Blvd.
6   Kansas City, Missouri 64108
    Telephone:    816.474.6550
7   Facsimile:    816.421.5547
    bpratt@shb.com
8
    Attorneys for Defendant Covidien LP, also
9   Incorrectly denominated as Medtronic, Inc.

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13  LORRAINE BONNER,                    Case No. 4:19-cv-05841-HSG

14          Plaintiff,
                                        **STIPULATED PROTECTIVE ORDER**
15      vs.

16  COVIDIEN, LP.,

17          Defendant.

18          The parties have hereby stipulated and agreed, and therefore IT IS ORDERED, that all

19  discovery, including documents produced in this action, shall be subject to the following restrictions,

20  and that the following terms and conditions shall govern the treatment of Confidential Information.

21          1.      **Confidential Information.** "Confidential Information" refers to information,

22  documents, or other material that the designating party reasonably and in good faith believes

23  constitutes or reflects trade secrets or information whose confidentiality is otherwise protectable

24  under applicable law. This includes but is not limited to confidential research, development, or

25  commercial information, personal medical information, private personal information, protected

26  health information, tax returns, and other information reasonably sought to be kept confidential.

27          2.      **Designation of Confidential Information.** Any party may reasonably designate any

28  document containing Confidential Information, or portion thereof, which it may produce as

4851-5447-3648 V2

"Confidential" by labeling the document to be so designated substantially as follows: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER." The designation CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Use of Confidential Information.** Anyone who is provided with access to Confidential Information under this Order shall use such information solely in connection with this action, shall keep such information strictly confidential, and shall in no way disclose such information, or any portion, summary, abstract or other derivation thereof, to any firm, person, or entity, except as provided in paragraph 4.

4.      **Disclosure of Confidential Information.** Access to Confidential Information shall be limited to:

(a)     *Attorneys*. Attorneys of record and other personnel in their law firm(s) (including other attorneys, paralegals, and other staff personnel) who require access for the purpose of representing any party in this action.

(b)     *Named parties*. The named parties in this action.

(c)     *Experts and consultants*. Outside experts or consultants retained in connection with this action, provided that they first shall be shown and shall read a copy of this Stipulated Protective Order, and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel for the party obtaining a person's signature shall retain the original signed Confidentiality Agreement and shall provide a copy to the designating party upon request. For the purposes of this Order, outside experts and consultants do not include any person regularly employed by any party or an employee of a competitor of any party.

(d)     *Witnesses*. Witnesses who testify at depositions, hearings, or trial, if any such further proceedings occur in this case.

(e)     *Court reporters and videographers*. Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

(f)     *Court*. The Court and its personnel.

CASE NO. 4:19-CV-05841-HSG
STIPULATED PROTECTIVE ORDER

4851-5447-3648 V2

1     (g)    *Other persons*. Without the necessity of a Court order, any other person who the

2    parties jointly agree may have access to the Confidential Information.

3     5.    **Non-Waiver of Confidentiality or Objection to Production.** Review of

4    Confidential Information by any person in paragraph 4 shall not waive the confidentiality of that

5    information and shall not waive any objection to production of that information.

6     6.    **Inadvertent Disclosure of Confidential Information.** The inadvertent,

7    unintentional, or in camera disclosure of Confidential Information shall not be deemed a waiver, in

8    whole or in part, of any party's claim of confidentiality. Within fifteen (15) days of discovering such

9    inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the

10    Confidential Information is to be designated as Confidential under the terms of this Order.

11     7.    **Inadvertent Disclosure of Privileged Information.** In the interest of expediting

12    discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional

13    disclosure in this litigation of privileged information and/or work product shall not be deemed a

14    waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection;

15    and (b) failure to assert a privilege and/or work product in this litigation as to one document or

16    communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege,

17    immunity, or other protection as to any other document or communication allegedly so protected,

18    even involving the same subject matter. In the case of inadvertently produced privileged and/or work

19    product documents, upon the recipient becoming aware that he or she has received such documents

20    that were inadvertently produced, or upon a request made by the producing party, the documents

21    together with all copies made of them and any notes made from them shall be returned forthwith to

22    the party claiming privilege and/or work product immunity. Any party may, within five (5) court

23    days after notification of inadvertent disclosure under this paragraph, object to the claim of

24    inadvertence by notifying the designating or producing party in writing of that objection and

25    specifying the designated or produced material to which the objection is made. The parties shall

26    confer within fifteen (15) days of service of any written objection. If the objection is not resolved,

27    the designating party shall, within fifteen (15) days of the conference, file and serve a motion to

28

1    resolve the dispute. If a motion is filed, information subject to dispute shall be treated consistently

2    with the designating or producing party's most recent designation until otherwise ordered by the

3    Court.

4          **8.**      **Privileged Communications Made Subsequent to Filing of this Lawsuit.** Neither

5    party shall be required to provide a privilege log for any document containing communications

6    subject to the attorney-client privilege that occur subsequent to the filing of this lawsuit.

7          **9.**      **Depositions.** Any deposition which a party determines will or might reasonably

8    include disclosure of Confidential Information shall be attended only by those persons entitled to

9    receive such Confidential Information pursuant to this Order, but this shall not be construed to allow

10    any such person to attend a deposition he or she otherwise would not be allowed to attend. During a

11    deposition, any party may ask the reporter to designate certain portions of the testimony as

12    confidential, in which case the confidential portions shall be separately transcribed and labeled as

13    confidential. In addition, within thirty (30) days after a copy of the transcript taken at the deposition

14    is delivered to the parties, counsel may designate the entirety or any specified portion of the

15    transcript or exhibits thereto as Confidential by letter to the opposing party. Until such thirty-day

16    period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential

17    and subject to this Order. After such thirty-day period expires, such transcripts, exhibits or portions

18    thereof designated as Confidential shall be treated as such under this Order. If no such designation is

19    made within thirty days, such transcripts or exhibits shall not be subject to this Order, except as later

20    agreed by the parties.

21          **10.**     **Filing With Court.** In filing materials with the Court in pretrial proceedings, counsel

22    shall file under seal only those specific documents and deposition testimony designated as

23    Confidential, and only those specific portions of briefs, applications, and other filings that either

24    contain verbatim Confidential Information or set forth the substance of such Confidential

25    Information. The Court retains the power, either upon motion of any interested party or on its own

26    motion, to determine whether materials filed under seal shall remain sealed. Any such Confidential

27    Information shall be filed under seal, in a sealed envelope (or other sealed container) marked with

28

CASE NO. 4:19-CV-05841-HSG
STIPULATED PROTECTIVE ORDER

4851-5447-3648 V2

the title of this action, the title of each such transcript or document being filed, and a statement substantially in the following form:

**CONFIDENTIAL**

Pursuant to the Stipulated Protective Order dated _____, 202_, this envelope containing the above-entitled transcripts or documents filed by [the name of the party], is not to be opened nor the contents thereof displayed or revealed, except in accordance with an Order of the Court.

11.     **Objection to Designation.** If any party to the litigation disputes the designation of any document or information as Confidential Information, before seeking the assistance of the Court, the parties must first confer in good faith in an attempt to resolve the question of whether or on what terms the document or information is entitled to Confidential treatment. The party objecting to the Confidential designation shall notify the designating party in writing, and the designating party shall respond within fifteen (15) days. If the parties are unable to agree as to whether the document or information is properly designated as Confidential Information, the party objecting to the designation may file an appropriate motion with the Court. The burden of proving the propriety of the designation rests on the party who has made the designation. Until a resolution of the dispute is achieved either through consent or Court order, the parties shall treat the designated document or information as Confidential Information.

12.     **Return of Confidential Information.** Upon the termination of this action, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, each party will return to the other all documents (including copies and reproductions) designated as Confidential. The return of Confidential materials shall be completed within thirty (30) days after termination of this action. Any attorney of record in this action who provides access to Confidential Information to any expert, consultant, witness, or other person (as defined in paragraph 4) is responsible for the retrieval from any such expert, consultant, witness, or other person of all documents designated as Confidential; and the work product prepared by any such expert, consultant, witness, or other person derived from that Confidential Information shall be destroyed

4851-5447-3648 V2

1    and/or returned to that attorney of record. This Order, and the obligation to keep Confidential

2    Information confidential, shall survive the final termination of this action.

3          13.    **Request to Produce Confidential Information by Subpoena or Otherwise.** If any

4    party who has received Confidential Information is asked to produce such information, by subpoena

5    or otherwise, for purposes of use in a separate legal action, the party receiving such a request shall

6    promptly inform the producing party that such request has been received and shall object to such

7    request on the basis of this Order.

8          14.    **Waiver of Privilege and Admissibility.** Nothing in this Order shall be deemed a

9    waiver of any type of privilege applicable to any type of information in this or any other action or

10   proceeding. Nothing in this Order shall be construed to affect the evidentiary admissibility of any

11   Confidential Information, and absent order of the Court, there will be no restrictions because of this

12   Order on the use of any document that may be introduced by any party during the trial.

13         15.    **Use at Trial.** Nothing in this Order shall govern the use of Confidential Information

14   at any trial of this action. Questions regarding the protection for Confidential Information during

15   trial shall be presented to the Court prior to or during trial as each party deems appropriate.

16         16.    **Non-Party's Confidential Information.** Any non-party producing discovery

17   material or giving deposition testimony in this action may avail herself, himself, or itself of the

18   confidential treatment provided for in this Order for her, his, or its discovery material or testimony

19   by following the procedures provided herein.

20         17.    **No Confidential Information shall be Impounded with the Court.** No Confidential

21   Information or material that a party seeks to have designated or treated as Confidential Information

22   shall be impounded or stored with the Court.

23         18.    **Modification.** This Order shall not prevent any party from applying to the Court for

24   modification of the Order or for further relief.

25         19.    **Subject to Further Orders of the Court.** This Order is subject to the Court's further

26   orders.

27

28

CASE NO. 4:19-CV-05841-HSG
STIPULATED PROTECTIVE ORDER

4851-5447-3648 V2

20.     **Failure to Comply.** Failure to comply with this Order shall be a basis for monetary sanctions or other appropriate relief.

21.     **Subtitles.** The subtitles in this Order have been provided for convenience only and are not to be considered in construing or interpreting the meaning of this Order.

IT IS SO ORDERED:

Dated:  9/30/2020

Honorable Haywood S. Gilliam, Jr.

7

4851-5447-3648 V2

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORRAINE BONNER,

        Plaintiff,

    vs.

COVIDIEN, LP.,

        Defendant.

Case No. 4:19-cv-05841-HSG

**CONFIDENTIALITY AGREEMENT**

1.      I have been provided with and have read the Protective Order entered by the Court governing the restricted use of Confidential Information in this legal action. I agree to be bound by the terms of the Protective Order.

2.      I admit that I am not and have not been an employee or consultant of a competitor of the Defendant, and I agree that I will not become an employee or consultant of a competitor of the Defendant during the pendency of this action, including any possible appeal period, unless I first terminate my engagement as a consultant or designated expert in this action.

3.      I agree that I will not utilize any materials marked with the legends CONFIDENTIAL or CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER for any purpose other than this litigation. I further agree that I will not reveal the Confidential Information to, nor discuss the information or materials with, anyone except in accordance with the terms of the Protective Order.

4.      I agree that, at the termination of this litigation, I will return to the attorney providing confidential materials to me all materials marked with the legends CONFIDENTIAL or CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER.

5.      I submit to the jurisdiction of the Court as necessary to enforce the provisions of the Protective Order. I am aware that if I violate any of the provisions of the Protective Order, I am subject to punishment including a possible contempt citation by the Court.

CASE NO. 4:19-CV-05841-HSG
STIPULATED PROTECTIVE ORDER

4851-5447-3648 V2

Dated: _____

Name: _____

Signature: _____

4851-5447-3648 V2

Dated: February 20, 2020

Respectfully Submitted

LAW OFFICES OF BONNER & BONNER

By: */s/ A. Cabral Bonner*
    A. Cabral Bonner
    Attorney for Plaintiff

SHOOK, HARDY & BACON L.L.P.

By: */s/ Bryan Pratt*
    Bryan Pratt
    Attorney for Defendant Covidien LP

10

4851-5447-3648 V2